ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAR 30 P 4:26

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY JAMES SANDERSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 310-040 |
| CYNTHIA GREEN, | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 30).[1] The Magistrate Judge concluded that Defendant was entitled to qualified immunity and recommended that Defendant's motion to dismiss be granted on that basis. (Doc. no. 28.) In particular, the Magistrate Judge reasoned that Defendant was entitled to qualified immunity because her alleged failure to follow Plaintiff's medical profile in forcing Plaintiff to take a top bunk did not involve a constitutional right that was clearly established at the time of the events giving rise to Plaintiff's claim. (Id. at 7-9.)

In his objections, Plaintiff argues that Defendant should not be protected by qualified immunity because "she violated clearly established medical guidelines that are clearly stated in the [Georgia] Department of Corrections' Standard Operating Procedures." (Doc. no. 30,

---

[1] Plaintiff has set forth his objections to the R&R in a document styled as a "Motion for Reconcideration [sic]," which was filed within the time limit for objecting to the R&R. (Doc. no. 30.) The Court construes this filing as objections to the R&R rather than any sort of motion for reconsideration. Accordingly, the **CLERK** is **DIRECTED** to **TERMINATE** the "motion" from the motions report.

p. 3.) In addition, Plaintiff contends that the Magistrate Judge failed to understand that Plaintiff's bottom bunk profile was issued by a doctor, as opposed to a non-medical staff member. (Id. at 2.)

Upon consideration, the Court finds that Plaintiff's objections lack merit. Plaintiff fails to identify any specific regulation or Department of Corrections Standard Operating Procedure establishing the impropriety of Defendant's alleged actions. More importantly, however, for the purposes of qualified immunity, such regulations are not relevant to determining whether a constitutional right is clearly established under existing law. Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997) ("In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."). In addition, the Magistrate Judge gave no indication of failing to appreciate the fact that Plaintiff's bottom bunk profile was issued by a physician. Rather, as Defendant points out in her response to Plaintiff's objections, the Magistrate Judge correctly drew a distinction between a prison official's failure to comply with a prisoner's safety profile and a refusal to follow prescribed medical treatment. (See doc. no. 28, p. 8.) Thus, Plaintiff has failed to present any basis for departing from the Magistrate Judge's conclusions, and his objections are **OVERRULED**.

Additionally, the Court notes that Plaintiff's objections contain a request that the Court appoint him counsel. (Doc. no. 30, p. 3.) However, as the Magistrate Judge explained in his denial of Plaintiff's first two requests for the appointment of counsel (doc. nos. 7, 27), there is no right to appointed counsel in civil rights cases such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Moreover, this case does not present the type of

exceptional circumstances (*e.g.*, a meritable claim of such complexity that counsel would materially assist in its presentation) needed to justify the appointment of counsel. <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff's bare assertion of an unspecified mental health problem is likewise insufficient for the Court to grant his request, as Plaintiff has not shown that his mental health issues prevent him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's request that the Court appoint him counsel is therefore denied.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion to dismiss (doc. no. 20) is **GRANTED**, Plaintiff's amended complaint is **DISMISSED**, a final judgment shall be entered in favor of Defendant, and this civil action is **CLOSED**.

SO ORDERED this ___ day of March, 2011, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3